FILED

AUG - 7 2009

Clerk, U.S. District and
Bankruptcy Courts

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BERNEA L. BELL,                              )
                                             )
      **Plaintiff,**                        )
                                             )
v.                                           )
                                             )
**WASHINGTON METROPOLITAN**                  )
**AREA TRANSIT AUTHORITY**                   )
**600 Fifth St., N.W.**                      )
**Washington, DC 20001,**                    )
                                             )
      **Defendant.**                        )
_____)

Case: 1:09-cv-01488
Assigned To : Walton, Reggie B.
Assign. Date : 8/7/2009
Description: PI/Malpratice

## NOTICE OF REMOVAL

Defendant Washington Metropolitan Area Transit Authority ("WMATA"), by undersigned counsel, hereby notices the removal of this action to the United States District Court for the District of Columbia. As grounds for removal WMATA states:

1.    Plaintiff commenced this action on June 29, 2009, by filing a Complaint against WMATA in the Superior Court for the District of Columbia. Plaintiff's Complaint was assigned Case No. 2009 CA 004670 B (hereinafter the "State Court Action").

2.    WMATA was served with the Summons and Complaint from the State Court Action on July 24, 2009.

3.    This is a civil action for which this Court has original jurisdiction under the WMATA Compact, Public Law 89-774, paragraph 81, approved by Congress on November 6, 1966, as amended, reprinted at D.C. Code § 9-1107.01, Section 81, which provides:

> The United States District Court shall have original jurisdiction, concurrent with the Courts of Maryland and Virginia, of all actions brought by or against the Authority [WMATA] and to

350567.1

enforce subpoenas issued under this Title. Any such action initiated in a State Court shall be removable to the appropriate United States District Court in the manner provided by Act of June 25, 1948, as amended (28 U.S.C. § 1446).

4.     Pursuant to 28 U.S.C § 1446(a), true and legible copies of Summons, Complaint and Initial Order and Addendum accompany this Notice. These documents constitute the only process, pleadings, or orders served by or upon WMATA in the State Court Action.

5.     This Court is the District Court of the United States for the district embracing the place where the State Court Action is pending.

6.     This Notice of Removal is being filed within thirty (30) days after WMATA was served with a copy of the Plaintiff's Complaint and is, therefore, timely filed pursuant to 28 U.S.C. § 1446(b).

WHEREFORE, Defendant WMATA respectfully requests that this Notice of Removal be accepted and that the State Court Action be removed to the United States District Court for the District of Columbia.

Dated:  August 7, 2009

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: _William S. Gandy (Rller)_
William G. Gandy, Esq. (# MD27848)
8444 Westpark Drive- Suite 510
McLean, VA 22102
Telephone: (703) 245-9300
Facsimile: (703) 245-9301

Robert B. Wallace, Esq. (# 108571)
700 11th Street, N.W.
Suite 400
Washington, DC  20001
Telephone:  (202) 626-7660
Facsimile:  (202) 628-3606

Of Counsel:

Thomas W. Tobin, Esq.
Wilson, Elser, Moskowitz,
Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY 10604-3407
Telephone:  (914) 323-7000
Facsimile:  (914) 323-7001

Carol B. O'Keeffe, Esq.*
*General Counsel*
Bruce P. Heppen, Esq. (# 252171)
*Deputy General Counsel*
Mark F. Sullivan, Esq. (# 430876)
*Deputy General Counsel*
Washington Metropolitan Area Transit
Authority
600 Fifth St., N.W.
Washington, DC 20001
Telephone:  (202) 962-2814
Facsimile:  (202) 962-2550

***Attorneys for Defendant Washington
Metropolitan Area Transit Authority***

*        Carol B. O'Keeffe is a member of the Bar of the District of Columbia.  Her bar number is
445227.  She is not a member of the Bar of this Court.

## CERTIFICATE OF SERVICE

I HEREBY certify that the above **Notice of Removal** was served, via U.S. Mail, on this 7th day of August, 2009, on the following:

Keith W. Waters, Esq.
1667 K Street, N.W.
Suite 677
Washington, DC 20006

Alton C. Hale, Jr., Esq.
Gary, Williams, Parenti, Finney,
Lewis, McManus, Watson & Sperando
Waterside Professional Building
221 East Osceola St.
Stuart, FL 34994

William G. Gandy, Esq.



CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

Bernea L. Bell

*Plaintiff*

vs.

Civil Action No. **0004670-09**

Washington Metropolitan Area Transit Authority

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Keith W. Watters

Name of Plaintiff's Attorney

1667 K Street, N.W., Suite 677

Address

Washington, D.C. 20006

(202) 887-1990

Telephone

By



Deputy Clerk

Date June 29, 2009

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.



EXHIBIT
A



IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

BERNEA LAJUAN BELL             *
521 Somerset Place, NW         *
Washington, D.C.  20011        *
                               *
     Plaintiffs,               *
                               *
     vs.                       *   Civil Action No.:  0004670-09
                               *
WASHINGTON METROPOLITAN        *
AREA TRANSIT AUTHORITY         *
600 Fifth Street, NW           *
Washington, DC  20001          *
                               *
Serve:                         *
                               *
Carol B. O'Keefe               *
Office of General Counsel      *
WMATA                          *
600 Fifth Street, NW           *
Washington, DC  20001          *
                               *
     Defendant.                *

RECEIVED
Civil Clerk's Office
JUN 2 9 2009
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

### (NEGLIGENCE)

Comes now the Plaintiff, Bernea Bell, by and through undersigned counsel, and hereby move this Court for a judgment against the Defendant, Washington Metropolitan Area Transit Authority ("WMATA"), on the grounds and in the amount as hereinafter set forth.

1.   This Court has jurisdiction pursuant to the WMATA Compact, reprinted at D.C. Code 1-2431 (1981 & Supp. 1985) which

1



provides that WMATA is liable for its torts and those of its directors, officers, employees and agents.

2. Plaintiff, Bernea Bell, (hereinafter "Plaintiff") was at all times relevant herein a resident of the District of Columbia.

3. Defendant, Washington Metropolitan Washington Area Transit Authority (hereinafter "Defendant"), owns and operates a fleet of buses and trains throughout the Washington metropolitan area.

4. At all times relevant herein, Defendant WMATA held itself out to the public as qualified to provide transportation as a common carrier to the said public.

5. On June 22, 2009 at approximately 5:00 p.m., the Plaintiff was a passenger on a Red Line metro train car traveling southbound between the Fort Totten and Takoma Stations in northeast Washington, D.C.

6. The Plaintiff was at all times conducting herself in a lawful manner and with due and proper regard for her safety.

7. Suddenly and without warning the metro rail train in which the Plaintiff was a passenger was violently struck by another metro train causing the Plaintiff to sustain severe and painful injuries.

8. The Defendant was negligent in failing to properly maintain, repair and inspect the brakes on the aforementioned metro rail trains.

2

9.    The Defendant was negligent in failing to remove the aforementioned rail cars from service when the Defendant knew or should have known that the rail cars were defective and not equipped with the proper safety equipment.

10.   The Defendant was negligent in failing to ensure that its employees and agents were properly trained to perform their duties at the time and place aforementioned.

11.   The Defendant was negligent in failing to properly maintain, repair and inspect all of the required safety features to prevent injuries to the Plaintiff and others.

12.   That at the aforesaid time and place, it was the duty of the Defendant and its agents to operate the Defendant's metro rail trains with reasonable care and with due regard for the safety of the passengers on the trains.

13.   That at the aforesaid time and place, the Defendant and its agents did breach said duty by carelessly, recklessly and negligently maintaining and operating the metro rail trains thus causing a collision between two of the Defendant's trains and subsequent injuries to the Plaintiff.

14.   That as a direct and proximate result of the Defendant's negligence, the Plaintiff has sustained serious and permanent injuries; have been prevented from transacting her business; has suffered and will continue to suffer great pain of body and mind and has suffered permanent disability and deformity.

3

15. That as a further direct and proximate result of the Defendant's negligence, the Plaintiff has been forced to expend large sums of money for hospitalization, x-rays, nurses, medical treatment and medicine for the treatment of the aforesaid injuries.

16. That as a further direct result of the negligence of the Defendant and its agent, the Plaintiff has been forced to lose time from her employment and has suffered a loss of wages as well as a loss of wage earning capacity.

**WHEREFORE,** Plaintiff, Bernea Bell, individually and on behalf of the minor Ivey Epps, hereby demands judgment against the Defendant, Washington Metropolitan Area Transit Authority, in the amount of Twenty Million Dollars ($20,000,000) in compensatory damages together with interest and the cost of this suit.

Respectfully submitted,
KEITH WATTERS AND ASSOCIATES

By:

KEITH W. WATTERS [319210]
1667 K Street, NW
Suite 677
Washington, DC  20006
Telephone No.:  (202) 887-1990

and

ALTON C. HALE, JR. [465001]
GARY, WILLIAMS, PARENTI, FINNEY,
LEWIS, McMANUS, WATSON & SPERANDO
Waterside Professional Building
221 East Osceola Street
Stuart, FL  34994
Telephone: (800) 329-4279

4

**JURY DEMAND**

Plaintiff demands a trial by a jury of six (6) as to all issues raised in her Complaint.

KEITH W. WATTERS



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

BERNEA LAJUAN BELL

Vs.                                              C.A. No.      2009 CA 004670 B

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge BRIAN F HOLEMAN
Date:   June 29, 2009
Initial Conference: 9:30 am, Friday, October 02, 2009
Location:  Courtroom A-49
            515 5th Street NW
            WASHINGTON, DC 20001



Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc